IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LAURA GRANT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 10-00444-CG |
| | ) | |
| VALENTINE & KEBARTAS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

This matter is before the court on plaintiff's motion for default judgment (Doc. 7). The clerk's entry of default having been previously entered (Doc. 6), a hearing was held to determine damages on November 16, 2010.

This is an action for damages brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"). The complaint alleges[1] that on or about December 2, 2009, the plaintiff received a letter from defendant Valentine & Kebartas, Inc. ("Valentine"), a debt collector, regarding a past due debt which plaintiff owed to GE Capital. The next day, plaintiff received a phone call from an employee of Valentine, who demanded that Plaintiff pay the debt in full. The employee did not identify herself as a debt collector during the call and failed to inform the plaintiff that any information obtained would be used for the purpose of collecting a debt. The employee yelled at the plaintiff and continued to raise her

---

[1] In light of the default entered herein, the court accepts as true all of the factual allegations of the complaint, except those relating to damages. Gervais v. O'Connell, Harris & Associates, Inc., 279 F. Supp 2d 435, 437 (D. Conn. 2003); 10A C. Wright, A. Miller & M. Kane, Federal Practice & Procedure, Civil § 2688 (3d Ed. 2010)

voice during the call until Plaintiff ended the call.   Plaintiff received one more call, a few days later, from an agent of Valentine, and was again not informed that the caller was a debt collector or told that any information provided would be used for debt collection purposes.   Based upon these two phone calls, which violated the FDCPA, plaintiff claims damages, costs and attorney's fees pursuant to 15 U.S.C. § 1692(k).

Plaintiff's testimony at the hearing on damages differed somewhat from the allegations of her complaint.   Her testimony indicated that she received the first call in early January 2010 from the defendant, and that she had a total of seven to ten telephone conversations with agents of the defendant.   She acknowledged that she had received a collection letter from the defendant prior to the first telephone call, but that she had not read the letter until after the first few conversations with agents of the defendant.   A number of the conversations were calls made by the plaintiff to the defendant in an effort to get the terms of her agreed repayment satisfactorily arranged.   The seven to ten phone conversations were over a period of approximately 30 days.

Plaintiff testified that she was stressed out by the phone conversations in which the debt collector raised her voice to the plaintiff.   In addition, her checking account became overdrawn when the collector mistakenly withdrew more than plaintiff had authorized for payment.   This caused marital problems with her husband.

Under § 1692k, the court is authorized to award "any actual damage sustained

2

by such person as a result of [the] failure [to comply with the provisions of the law]." 15 U.S.C. § 1692k(a)(1). In addition, the court may award "such additional damages ... but not exceeding $1,000." Id. § 1692k(a)(2)(A). Finally, if the civil action is successful, the Court may award "the costs of the action, together with a reasonable attorney's fee." Id. § 1692k(a)(3). Courts have interpreted "actual damages" to include damages for emotional distress caused by the debt collector's statutory violations. Sweetland v. Steven & James, Inc., 563 F. Supp.2d 300, 303 (D.Me. 2001) and cases cited therein.

In assessing damages, the court first assesses the extent of any actual damage; and second, whether to award additional damages, and if so, how much to award up to $1,000. Ms. Grant seeks $10,000 in actual damages and the maximum $1,000 additional damage award.

Based on the allegations in the Complaint, which are admitted by default, and the evidence at the hearing, the court concludes that the defendant violated the debt collection provisions of the FDCPA, 15 U.S.C. § 1692e(11) (" failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose") and 15 U.S.C. § 1692(d)(5) ("engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number") and 15 U.S.C. § 1692(d)(6) ("except as provided in section 1692b . . ., the placement of telephone calls without meaningful

3

disclosure of the caller's identity").

The court accepts the evidence that Ms. Grant was "stressed out" by the calls and the manner in which the collector spoke to her. The court also credits the evidence that marital problems occurred between plaintiff and her husband because of the debt collection efforts by the defendants which caused an overdraft in plaintiff's bank account. However, the evidence does not support that the overdraft situation occurred as a result of any violation of the debt collection provisions of the FDCPA. Plaintiff did not dispute that she owed the debt. Indeed, she agreed to work out a settlement of the $480 debt by paying $300. She made one $20 payment, and agreed to pay the balance of $280 at a later date when she expected her income tax refund. She attempted to call the debt collector at the time the $280 was due to see if she could get an extension of time, since her tax refund had not yet come in, but was unsuccessful in reaching the debt collector by telephone. She then discovered that the $280 had been pulled out of her account by the debt collector, and her account was overdrawn, which then resulted in the marital discord. Accordingly, the court finds that the only actual damage proved was the mental anguish of the stress caused by the nature of the phone calls. The plaintiff, who was formerly employed as a debt collection caller, knew that the calls were not properly or professionally handled. She suffered no physical injury or any lasting psychological damage. There was no evidence that she incurred any out-of-pocket expenses or lost time from work due to the violations. There was also no evidence that the emotional trauma suffered by the plaintiff lasted longer than the period during which the phone

calls were made.  Accordingly, the court finds that the request for actual damages in the amount of $10,000 is vastly more than the damages supported by the evidence. The purpose of the actual damages portion of the statute is to fairly compensate the plaintiff and not to punish or deter the defendant.  Cf. Sanders v. Jackson, 209 F.3d 990, 1004 (7th Cir. 2000)(discussing damages provisions in the FDCPA).  The court finds that $1,500 is a fair amount to adequately compensate the plaintiff for her actual damages sustained.

In determining any "additional damages" award under § 1692k(a)(2)(A), the statute directs the court to consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional."  15 U.S.C. § 1692k(b)(1).  Here, the violations were not severely frequent.  The evidence was that there were between 7 and 10 phone calls, some of which were initiated by the plaintiff.  The nature of the noncompliance included the use of loud and abusive language, and a failure to disclose that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose.  These actions by the defendant are not nearly as reprehensible as much of the prohibited conduct set forth in the statute, which ranges from threatening to arrest the debtor to accusing her of committing a crime.  There was no evidence presented concerning whether the defendant's agent's conduct was intentional, or that the agent knew it was improper under the law. Based on this analysis, the court imposes an award of additional damages of $250.00.

The statute authorizes an award of attorney's fees "in the case of any successful action to enforce the foregoing liability."  15 U.S.C. § 1592k(a)(3). Plaintiff's affidavit (Doc 7-1) established that her attorney's fees were $675.00, consisting of 3 hours at the rate of $225.00 an hour.  At the conclusion of the hearing, plaintiff's counsel informed the court that additional fees would not be sought.  The court therefore award attorney's fees in the amount of $675.00.

**CONCLUSION**

The court shall enter judgment in favor of Laura Grant against Valentine & Kebartas, Inc. in the amount of $1,750.00, plus attorney's fees of $675.00 and costs. Plaintiff is **ordered** to submit her bill of costs by August 17, 2011, after which default judgment shall be entered.

**DONE** and **ORDERED** this 3rd day of August, 2011.

/s/   Callie V. S. Granade
UNITED STATES DISTRICT JUDGE